IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:13CR561 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| JUSTIN M. KRUEGER, | ) | |
| | ) | |
| Defendant. | ) | **ORDER ON MOTION FOR BOND** |
| | ) | |

**I.     Introduction**

This matter is before the court on Defendant, Justin Michael Krueger's motion for a detention hearing and for release pending his October 18, 2018 sentencing hearing. ECF Doc. 104. Judge Christopher A. Boyko referred the matter to the undersigned for hearing and disposition. ECF Doc. 106. The government filed a brief in opposition to the motion. ECF Doc. 105. The court heard the matter on August 30, 2018.

This case has had a long and complex history, which need not be fully detailed here. In sum, however, defendant pleaded guilty to the indictment on April 15, 2014. The court thereafter sentenced him to serve concurrently a 36 month term of incarceration on each of the two counts. He was subject to serving three years of supervised release upon conditions after the completion of his prison sentence. ECF Doc. 28. Because of a subsequent decision of the United States Supreme Court, defendant's conviction was vacated by order of the Sixth Circuit Court of Appeals on July 6, 2015. ECF Doc. 43. Thereafter, the case was scheduled for trial,

and defendant filed a trial brief on March 6, 2016. ECF Doc. 59. The government moved for a psychiatric examination on March 16, 2016. ECF Doc. 61. The court later found defendant not competent to proceed and ordered him to participate in competency restoration treatment.

Ultimately, on August 16, 2018, the court found defendant restored to competency. On the same date, defendant again entered guilty pleas to the two counts in the indictment. The court scheduled a sentencing hearing for October 18, 2018 and ordered a presentence investigation report update.

Defendant now seeks release pending his sentencing hearing based on his contention that he has been in custody for nearly 57 months, far beyond the custodial term the court originally imposed in 2014. Based upon defendant's interpretation of Judge Boyko's comments at the August 16, 2018 change of plea hearing, defendant surmises he will not be required to serve any additional prison time once the court imposes the final sentence. The government argues in opposition that it will seek the imposition of additional incarceration time; and it asserts that bond is not proper because the court cannot make a finding by clear and convincing evidence that defendant poses no risk of flight or danger to the safety of any other person or the community if released.

## II.     Analysis and Findings

Both defendant and the government acknowledge that the determination of whether defendant should be released pending the imposition of sentence is governed by 18 U.S.C. § 3143(a)(1), which provides in pertinent part:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the

> safety of any other person or the community if released under section 3142(b) or (c).

Neither party contends § 3143(a)(2) is applicable. Thus, the court must determine whether the defendant has shown by clear and convincing evidence that he will not flee or pose a danger to the safety of any other person or the community if released. If not, detention is mandatory.

The main thrust of defendant's argument, both in his motion and as articulated by counsel at the detention hearing, is that it is unjust to keep the defendant in custody when he has already been detained for nearly 57 months and, according to counsel's interpretation of Judge Boyko's remarks at the conclusion of the change of plea hearing, faces a near certain order that he be released with credit for time served at the end of the upcoming sentencing hearing. The government's main point is that defendant's complicated psychological profile, and the case history suggests that he poses a danger to his adoptive parents.

The court is sympathetic to defendant's position. There is a common sense basis on which to conclude defendant should now be released. Unfortunately, the court must follow the analytical requirements of §3143 and cannot simply resort to making decisions divorced from the requirements of the law. Defendant has cited no authority – nor advanced any constitutional argument – for his position that pretrial confinement time should obviate the court's need to comply with §3143 or force him to be released pending sentencing.

Here, the defendant pointed out that during the five-year pendency of this case, there is nothing to suggest he has attempted to make contact, directly or indirectly, with his adoptive parents (the victims of his offenses). He pointed out that he would, if released, agree to comply with any psychological treatment regimen ordered by the court. He asserted that his maternal, biological grandfather had purchased a home and placed it in his and his grandfather's name, thereby giving him a place to live. Defendant challenged the government's characterization that

he has a history of violence.  Counsel argued that defendant's experience in prison (where one incident of violence and a threat of violence toward a cellmate were reported) was not extraordinary.

The government proffered the August 30, 2018 report of the pretrial services investigation.  Both parties referred to June 1, 2018 forensic evaluation of Gillespie Wadsworth, Psy.D. (which found defendant's competency had been restored).  The government also referred to information in final presentence report filed on July 11, 2014 (ECF Doc. 23).  And the government's brief and hearing argument referred to information in the August 16, 2016 report of forensic evaluation prepared by Rebecca Barnette, Psy.D. (ECF Doc. 86).  From these records, the government argued that defendant has a history of violence.  He has a record of not appearing in court (and currently has an outstanding capias from a Florida case).  He has a record of travelling about the country, with conduct alleged in this case having occurred in California, Kansas and Ohio.  The government argued (from the 2014 PSR) that defendant's victims are terrified of him and have had to take extraordinary measures to protect against the potential for an attack by the defendant.  The government pointed out that report indicating defendant had been restored to competency expressly cautioned that defendant's competency status "is entirely contingent on his continued compliance with psychotropic medication."  Both the report of pretrial services and defendant's own statements at the August 16, 2018 change of plea hearing reflect that defendant is not complying with the specified treatment plan – which calls into questions defendant's commitment to abide by any treatment requirement the court might impose as a condition of release.  Defendant asserted to the pretrial services officer that he does not believe he has any diagnosable mental health condition.  And, he told the officer he planned to take his adoptive parents to court soon as he was released, thereby implying he continues to

4

harbor negative feelings toward them for what he believes they did to him while he was growing up.

## III. Conclusion

Considering the totality of the evidence before the court and the standard in 18 U.S.C. § 3143, defendant's motion for release must be denied. The court cannot find by clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or the community if he were released. His denial of any mental health condition (despite three independent professional evaluations); his non-compliance with medication therapy; his history of threatening conduct and sometime violent responses to situations prevents such a conclusion. Defendant's motion for release is, therefore, DENIED.

IT IS SO ORDERED.

Dated: August 31, 2018

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Order must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Fed. R. Crim. P. 59(a). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Id.* See also *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).